1999-NMSC-031

994 P.2d 727

STATE of New Mexico ex rel. AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, et al., Petitioners,

v.

Hon. Gary JOHNSON, Governor of the State of New Mexico, Respondent.

No. 25,790.

Supreme Court of New Mexico.

June 30, 1999.

## ORDER

WHEREAS, this matter came on for consideration by the Court upon petition for writ of mandamus, response thereto, reply, amici curiae briefs and response thereto, and oral argument by the parties, Morton S. Simon on behalf of petitioners and David E. McCumber on behalf of respondent, and the Court having considered said pleadings and oral argument and being sufficiently advised, Chief Justice Pamela B. Minzner, Senior Justice Joseph F. Baca, Justice Gene E. Franchini, Justice Patricio M. Serna, and Justice Petra Jimenez Maes concurring;

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus hereby is DENIED.

Petitioners ask this Court to issue a writ commanding the Governor of the State of New Mexico to abide by the decision of the New Mexico Legislature extending the term of the State Agreement pursuant to the Public Employee Bargaining Act (PEBA), NMSA 1978, §§ 10–7D–1 to –26 (1992, as amended through 1998). Petitioners also ask us to issue a writ commanding the Governor to recognize a statutory or constitutional right of Petitioners to organize and collectively bargain. We determine that Petitioners' request would require this Court to exceed its constitutional powers in violation of Article III, Section 1 of the New Mexico

Constitution. Granting Petitioners' request would violate Article III, Section 1 in one of two ways: either by judicially overriding the Governor's veto of three appropriation bills, or by usurping the Legislature's role in enacting new legislation. We explain.

Section 10–7D–18(A)(8) of PEBA provides that "[i]f no agreement has been reached by the parties prior to December 15, the unresolved issues will be resolved through the appropriation process." In this case, the Legislature placed language regarding the extension of the term of the State Agreement pursuant to PEBA into three appropriation bills. The Governor vetoed all of those bills. A two-thirds majority of the Legislature has not voted to override the Governor's vetoes, and PEBA expires on July 1, 1999.

 Article IV, Section 16 of the New Mexico Constitution states, in relevant part, that "no bill embracing more than one subject shall be passed except general appropriation bills," and "[g]eneral appropriation bills shall embrace nothing but appropriations." Thus, the language in the appropriation bills concerning the extension of the term of the State Agreement pursuant to PEBA is void on either of two grounds: (1) the term of the State Agreement under PEBA does not fall within the meaning of an "appropriation," or (2) the language regarding the term of the State Agreement under PEBA makes the bill embrace more than one subject.

Further, Article IV, Section 22 of the New Mexico Constitution provides, in pertinent part, that "[e]very bill passed by the [L]egislature shall, before it becomes a law, be presented to the [G]overnor for approval." When the Governor vetoes a bill presented to him, it "shall not become a law unless thereafter approved by two-thirds of the members present and voting in each house." *Id.* Thus, the three appropriation bills passed by the Legislature could not become law before they were presented to the Governor, nor could they become law after the Governor's vetoes without approval by a two-thirds majority of the Legislature. This Court cannot override the Governor's vetoes, nor can the Court usurp the role of the Legislature in enacting new legislation.

Finally, we determine that Petitioners' attempt to gain recognition of their right to organize and collectively bargain under NMSA 1978, § 50–2–1 (1959) or Article II, Sections 4 and 18 of the New Mexico Constitution does not meet the criteria for an exercise of original jurisdiction in mandamus by this Court. *See State ex rel. Sandel v. New Mexico Pub. Util. Comm'n,* 1999–NMSC–019, ¶ 11, 127 N.M. 272, 980 P.2d 55. Therefore, we decline to grant the requested relief under these statutory or constitutional provisions.